NEBRASKA & IOWA STEEL TANK COMPANY, Appellee, v. S. L. COLLINS OIL COMPANY, Appellant.

APPEAL AND ERROR: Assignment of Error—Assignment not Sustained by Record. Error can be considered in the Supreme Court only on assignment that properly raises that error, and an assignment of error that books of account were erroneously received, is not sustained by a record merely showing that such books were offered, with an affirmative showing that they were not, in fact, admitted or introduced.

*Appeal from Marion District Court.*—J. H. APPLEGATE, Judge.

SEPTEMBER 26, 1919.

PLAINTIFF has verdict and judgment on account of certain repairs alleged to have been furnished by it to the defendant, and defendant appeals.—*Affirmed.*

*W. G. Vander Ploeg,* for appellant.

*W. H. Lyon,* for appellee.

SALINGER, J.—I.   The sole issue was whether the claim for repairs sued for was correct, and the value of such repairs.

The only assignments are that the court erred in permitting books of account offered by the plaintiff to be admitted in evidence though such books were not books of original entry, and though no proper foundation was laid for their introduction. It may be conceded, for the sake of argument, that the books were not books of original entry, and that no proper foundation was laid for their introduction. But all that is immaterial unless the record shows that the books were introduced. An amended abstract indicates a claim by appellee that objection to the books was waived. It may likewise be conceded that there was no waiver. And still it is immaterial, unless it appears that the books were introduced. The books were offered several times, and objection was made to the offer. At one time, the court overruled the objection, but directed that the offer be limited to less than all the books, in order that the record might not be needlessly incumbered. It seems that the defendant excepted to this ruling. But that can hardly be a basis for relief on appeal, in any event, because the ruling was not final. Counsel for plaintiff accepted the limitation of the court, and thus, necessarily, the time of contest was deferred to that time when the books would again be offered, under the said limitations. It appears affirmatively that, after this ruling, plaintiff began to offer separate pages of the books. The amended abstract, which was not met by certification, and which controls, says:

"Neither the original books of account nor the pages thereof showing plaintiff's account against the defendant was admitted."

Now, it may be that, with the books not put in, that the evidence does not justify the recovery which plaintiff had. But no such claim is made on this appeal. It is not enough that there may have been error, or that complaint of an error is made. Error can be corrected here only on assignments that properly raise that error. See *Powers v. Iowa Glue Co.*, 183 Iowa 1082. The whole controversy, then, narrows to whether an assignment complaining that books of account were erroneously received, is sustained by a record merely showing that such books were offered, with an affirmative showing that they were not, in fact, introduced. It seems to us that question can be answered in but one way, and that, that such a record does not sustain such a complaint. To be sure, under the old practice, and in an appeal seeking review *de novo*, it was necessary to certify in the abstract that the same contained, not only the testimony actually introduced, but, as well, the testimony offered. But that requirement did not mean that offering testimony was the equivalent of introducing it, but that, since the review was *de novo*, and it was for the appellate court to say what testimony should be received, it was necessary to exhibit to it, not only what had been put in, but what it was attempted to put in.

The record fails to sustain the only complaints made; hence, the judgment below is—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.